# Supreme Court of Florida

_____

No. SC2024-0147

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.210.**

September 5, 2024

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee has filed a report proposing amendments to Florida Rule of Criminal Procedure 3.210 (Incompetence to Proceed: Procedure for Raising the Issue).[1]

The Committee originally considered changing the timeframe for conducting the final hearing on the issue of competency to proceed from 20 to 90 days from the filing of the motion. Following the receipt of several comments, the Committee decided that the hearing should be held within 45 days. The Committee published its revised proposal in the online version of *The Florida Bar News* on

---

1. We have jurisdiction. Art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

October 30, 2023. No comments were filed in response, and the Court republished the Committee's proposal in the April 1, 2024, edition of *The Florida Bar News*. One comment was received from the Florida Public Defender Association. The Committee filed a response to the comment.

After considering the Committee's proposal, the comment filed, and the Committee's response, we adopt the Committee's amendments as proposed with one exception. Subdivision (b) is amended to reflect that the hearing on a motion to determine if a defendant is competent to proceed is to be held within 45 days of the motion, rather than 20 days, and includes the following language: "Status hearing(s) must be held no later than 20 days after the motion date and as otherwise necessary to ensure prompt resolution, and absent good cause, a final hearing conducted no later than 45 days from the motion date." In addition, subdivision (b) is retitled from "Motion for Examination" to "Motion for Evaluation," as the term "examination" refers to when the experts meet with a defendant to ask questions and observe his or her responses, while the term "evaluation" refers to the experts' process of reviewing the examination results to determine a defendant's

competency.  However, the Court declines to amend the phrase "is not mentally competent to proceed" in subdivision (b) to "may be mentally incompetent to proceed."  Lastly, some language is rephrased throughout the rule for clarity.

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion.  New language is underscored; deleted language is stricken through.  The amendments to the rule shall become effective on January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

An existing rule of criminal procedure allows for, with good cause, an extension of the timeframe for a final hearing on the issue of competency.[2]  As such, I dissent to amending Florida Rule of

---

2.  *See* Fla. R. Crim. P. 3.050 (Enlargement of Time).

Criminal Procedure 3.210 and extending the timeframe for a final hearing from 20 days to 45 days.

I recognize that newly amended rule 3.210 requires a status hearing no later than 20 days after the filing of a motion for evaluation, thus ensuring the continued monitoring of competency proceedings. Nonetheless, I find compelling the position of the Florida Public Defender Association (FPDA), which objects to the extension to 45 days.

Given the busy nature of court calendars, extending the timeframe for holding final competency hearings will all but guarantee that these hearings occur closer to the 45-day deadline than the former 20-day deadline. This across-the-board extension is concerning because of the challenges that are inherent in housing mentally ill individuals in jail settings. As noted by the FPDA, jails generally lack the resources needed to address inmates' mental health needs. Thus, extending the timeframe for a final competency hearing to 45 days likely risks worsening the condition of mentally ill individuals, and it places an additional strain on already scarce resources.

For these reasons, I respectfully dissent.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Jason B. Blank, Past Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Stacy Ann Scott, President, Florida Public Defender Association, Inc., Gainesville, Florida, and Carlos J. Martinez, Past President, Florida Public Defender Association, Inc., Miami, Florida,

     Responding with comments

# APPENDIX

## RULE 3.210. INCOMPETENCE TO PROCEED: PROCEDURE FOR RAISING THE ISSUE

**(a) Proceedings Barred during Incompetency.** A person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding ~~shall~~must not be proceeded against while incompetent.

(1) A "material stage of a criminal proceeding" ~~shall~~ include~~s~~ the trial of the case, pretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea, violation of probation or violation of community control proceedings, sentencing, hearings on issues regarding a defendant's failure to comply with court orders or conditions, or other matters where the mental competence of the defendant is necessary for a just resolution of the issues being considered. The terms "competent," "competence," "incompetent," and "incompetence," as used in rules 3.210–3.219, ~~shall~~ refer to mental competence or incompetence to proceed at a material stage of a criminal proceeding.

(2) The incompetence of the defendant ~~shall~~does not preclude such judicial action, hearings on motions of the parties, discovery proceedings, or other procedures that do not require the personal participation of the defendant.

**(b) Motion for ~~Examination~~Evaluation.** If~~,~~ at or in anticipation of any material stage(s) of a criminal proceeding~~,~~ the court, on its own motion or by motion of the state or defense, ~~of its own motion, or on motion of counsel for the defendant or for the state,~~ has reasonable ground~~s~~ to believe that the defendant is not mentally competent to proceed, the court ~~shall immediately~~must promptly ~~enter its order setting a time for a hearing~~commence the process to determine the defendant's mental condition~~., which shall be held no later than 20 days after the date of the filing of the~~

~~motion, and~~ The court may order the defendant to be ~~examined~~evaluated by no more than 3 experts, as needed, <u>and must expeditiously schedule and conduct a competency hearing</u>~~prior to the date of the hearing~~. Attorneys for the state and <u>for </u>the defendant may be present at any examination ~~ordered by the court~~<u>by a court-appointed expert</u>. <u>Status hearing(s) must be held no later than 20 days after the motion date and as otherwise necessary to ensure prompt resolution, and absent good cause, a final hearing conducted no later than 45 days from the motion date.</u>

       (1)    A ~~written ~~motion for ~~the examination~~<u>evaluation</u> made by counsel for the defendant ~~shall~~<u>must be written and</u> contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant ~~is~~<u>may be</u> incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant that have formed the basis for the motion.

       (2)    A ~~written ~~motion for the ~~examination~~<u>evaluation</u> made by counsel for the state ~~shall~~<u>must be written and</u> contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the defendant ~~is~~<u>may be</u> incompetent to proceed and shall include a recital of the specific facts that have formed the basis for the motion, including a recitation of the observations of and statements of the defendant that have caused the state to file the motion.

       (3)    If the defendant has been released on bail or other release provision, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of such release. If the court determines that the defendant will not submit to the evaluation or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody until the determination of the defendant's competency to proceed. A motion made for evaluation under this subdivision ~~shall~~<u>does</u> not otherwise affect the defendant's right to release.

(4)    The order appointing experts ~~shall~~<u>must, as described in Rule 3.211</u>:

(A)    identify the purpose or purposes of the evaluation, including the nature of the material proceeding<u>(s)</u>, and specify the area or areas of inquiry that should be addressed by the evaluator;

(B)-(C)    [No Change]


## Committee Notes

[No Change]